IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIDNEY L. COLEMAN,

                        Plaintiff,                                OPINION AND ORDER

    v.

                                                    24-cv-513-wmc

SAM SPERRY,

                        Defendant,

Plaintiff Sidney L. Coleman, a former state prisoner representing himself, filed this lawsuit under 42 U.S.C. § 1983, alleging that defendant Sam Sperry, an officer with the Eau Claire Police Department, violated his constitutional right to a fair trial. (Dkt. #1.) Specifically, Coleman alleges that while Sperry was testifying under oath in Case No. 23-cv-65-wmc, he lied about the existence of video documentation showing the events at issue. For relief, Coleman is seeking monetary damages, criminal charges against Sperry, and an order preventing Sperry from being a police officer in the future.

Because Coleman has been granted leave to proceed in forma pauperis (dkt. #4) and was a prisoner at the time this lawsuit was filed, this court must screen and dismiss any claim brought that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts sufficient to show that they are plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, plaintiff's complaint must be dismissed for

failure to state a claim upon which relief may be granted.

ALLEGED FACTS[1]

On January 28, 2021, plaintiff Sidney Coleman filed a civil complaint against the Eau Claire Police Department, the City of Eau Claire, the State of Wisconsin, and various Eau Claire Police Department officers, county prosecutors, and state court judges, alleging Fourth Amendment claims based on the stop and search of his vehicle, the search of his hotel room, malicious prosecution, and the use of excessive force.  (Case No. 21-cv-65-wmc, dkt. #1.)  That case proceeded to trial against one Eau Claire police officer, defendant Sam Sperry.  The trial took place between April 22 and April 24, 2024, and the jury found in Coleman's favor on his Fourth Amendment unlawful seizure and malicious prosecution claims and in Sperry's favor on Coleman's Fourth Amendment excessive force claim.

During his testimony on April 23, 2024, Sperry was asked if there was a copy of a video showing the events leading up to and including the contested traffic stop.  Sperry denied that such a video existed.  Coleman alleges that this was a lie because on May 1, 2024, one week after the trial concluded, the Eau Claire Police Department posted the requested video on their YouTube channel.

OPINION

Plaintiff alleges that Sperry violated his constitutional right to a fair trial by lying

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's complaint are taken as true for purposes of screening.  In addition, the court takes judicial notice of matters in the public record, including pleadings and orders in previous court cases.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

about the existence of the requested video, causing the jury to rule against him on one of his claims and reducing the damages that would have been rewarded.  However, defendant is absolutely immune from civil liability based on his testimony in judicial proceedings.  *See generally Briscoe v. LaHue*, 460 U.S. 325 (1983) (affirming the Seventh Circuit's holding that "all witnesses -- police officers as well as lay witnesses -- are absolutely immune from civil liability based on their testimony in judicial proceedings.")  Accordingly, this court cannot grant any relief to plaintiff and must dismiss his complaint with prejudice.

Although the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal is appropriate here because the court cannot conceive of any amendment that would satisfy Federal Rule of Civil Procedure 8.  Accordingly, dismissal will be with prejudice and plaintiff will receive a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1) plaintiff Sidney Coleman's complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2) The clerks office is directed to give plaintiff a strike under 28 U.S.C. § 1915(g).

Entered this 11th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge